Richards W. Hannah, J.
A hearing was held before me on December 3, 1963 in connection with lying-in expenses, an attorney fee and to fix the amount of a permanent order.
.Since no competent proof could be introduced as to the lying-in expenses due to the absence of the petitioner and other witnesses, I adjourned this phase of the hearing to January 20, 1964. Since the respondent is presently unemployed and receiving unemployment insurance benefits, the order was modified to $4 a week starting December 31, 1963.
The petitioner’s attorney has requested an attorney fee of $500 under section 536 of the Family Court Act. The respondent opposes the application upon the ground that the attorney has been paid $250 by the petitioner, which was the fee agreed upon by the petitioner and her attorney and that accordingly he is not entitled to any fee from the respondent.
This is a question of first impression under the new Family Court Act and subdivision 4 of section 69 of the old New York City Criminal Courts Act, now repealed.
Section 536 provides that: ‘ ‘ Once an order of filiation is made, the court in its discretion may allow counsel fees to the attorney for the mother, if she is unable to pay such counsel fees ”. I interpret this section to mean that an attorney is entitled to a reasonable counsel fee. If the petitioner cannot pay anything or can only pay a small amount, then the court should be able to award the petitioner’s attorney a reasonable fee, if the petitioner is successful. Any other interpretation would defeat the purpose of the statute. Suppose in this case the petitioner and her attorney had agreed upon a fee of $50 which was the limit of petitioner’s ability to pay. Certainly the services rendered far exceed that amount in value. Assume further that the respondent was of sufficient means to pay a fee. In my opinion, the court should be able to award an additional amount ‘1 once the order of filiation is made ”, so that the petitioner’s attorney receives a fee commensurate with the services rendered and the respondent’s ability to pay.
However, in this particular case the petitioner’s attorney agreed to represent the petitioner “at an agreed total fee of $250”. I construe the word “total” to mean the entire fee from the petitioner and respondent.
Accordingly, the application for counsel fees must be denied.